**Dorothy Adams ESCHWEILER**

v.

**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP.**

No. 11688.

United States Court of Appeals
Seventh Circuit.

Feb. 14, 1957.

Reuben W. Peterson, Jr., Milwaukee, Wis., Norman C. Skogstad, Milwaukee, Wis., Quarles, Spence & Quarles, Milwaukee, Wis., of counsel, for appellant.

Ralph M. Hoyt, Milwaukee, Wis., Shea & Hoyt, Milwaukee, of counsel, for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Defendant appeals from a judgment in favor of plaintiff entered following a trial, in which certain facts were stipulated and oral testimony and documentary evidence were received. The case was tried without a jury.

Plaintiff sued as beneficiary to recover under a health and accident insurance policy of defendant in which plaintiff's husband was named as the insured. She alleged that his death was accidental within the provisions of the policy. The trial court so held. The error relied on by defendant is that the district court failed to find that the death came within an exclusionary clause of the policy, which, in its pertinent parts, reads as follows [136 F.Supp. 718]:

"'24. This insurance shall not cover * * *; nor shall it cover any injury, fatal or non-fatal, sustained by the insured while in or on any vehicle or mechanical device for aerial navigation, or in falling therefrom or therewith or while operating or handling any such vehicle or device.'"

The district court made findings of fact, which, so far as pertinent to this appeal, recite that insured was flying his private airplane when an intense snowstorm caused him to make a forced landing on the ice-covered surface of Lake Wisconsin; that in so landing the forward landing wheel broke through the ice, the plane turned over on its back with the cockpit submerged at a point about 100 yards from the lake shore, the temperature of the air then being about 20 degrees Fahrenheit; insured broke through the plexiglass canopy over the pilot's seat and started on foot for the nearest highway, which involved about half a mile of travel over ice on the lake; the ice gave way under him several times and he was precipitated into the water, but pulled himself out each time and eventually reached land at a point about 4 feet west of the east edge of a public highway which is on a fill-in across the lake, where he was found by Clarence Simonsen. Simonsen helped the insured to his feet and, in response to a question, deceased very slowly said "my plane crashed"; asked where he was from, he could say only "Mil-", and his eyes rolled back into his head; he was wearing a flight jacket, air force shoes and heavy trousers; there was blood on his hand and his tongue was swollen and blue; his pulse was very slow and he could not hold up his head; his clothes were covered with mud; muddy tracks indicated that he had been crawling from the edge of the water to where he was found; there was a hole about 15 feet long and 4 feet wide at the shore's edge, where the water was about 3 feet deep and very muddy; by the time a physician arrived insured was dead; an autopsy was performed on the following day which showed no external evidence of injury except superficial abrasions on the hands and legs, and that insured had the normal amount of arteriosclerosis for a man of his age[1] and had a pulmonary fat embolism of moderate grade in the lungs, and otherwise there was no evidence of physical disease or injury.

The district court found also:

"10. Decedent was not injured in the forced landing of his airplane

---

1. 58 years.

or in extricating himself from the airplane thereafter, but the great physical effort he expended in dragging himself to safety in a blinding snowstorm after the forced landing, caused cardiac failure and his death.

\* \* \* \* \* \*

"12. The injuries which caused Mr. Eschweiler's death were not sustained while he was in or on an airplane, while he was falling with or from an airplane, or while he was operating or handling an airplane."

Among the conclusions of law entered by the district court was the following:

"3. The airplane exclusion clause and rider in the policy does not bar liability in this action."

In view of substantial evidence in the record to support the district court's findings of fact, we cannot say that they are clearly erroneous and, for that reason, we accept those findings as correct. Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A.

It is admitted that, inasmuch as defendant relies upon the exclusionary clause to defeat a recovery by plaintiff, the burden of proof at the trial rested upon defendant. It was required to prove that the insured sustained fatal injury while (1) in or on the airplane, or (2) in falling therefrom or therewith, or (3) while operating or handling the plane. The record shows that, not only did the defendant fail to sustain the burden of proof of any of these facts, but, as the district court found, the great physical effort he expended in dragging himself to safety after the forced landing, caused cardiac failure and his death. There was substantial evidence proving, and the district court found that, the injuries which caused his death were not sustained while he was falling with or from the plane or while he was operating or handling it.

Defendant discusses McDaniel v. Standard Accident Insurance Company, 9 Cir., 221 F.2d 171. The exclusionary clause in the case at bar is more limited and restrictive than the one involved in the McDaniel case, and the facts are significantly different.

On the facts found by the district court, it properly concluded that the exclusionary clause does not bar liability in this action.

For these reasons, the judgment of the district court is affirmed.

Judgment affirmed.